**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000782
30-MAR-2012
07:59 AM**

NO. CAAP-11-0000782

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAUAI CREDIT ADJUSTERS LIMITED (A Collection Agency),
Plaintiff-Appellee,
v.
THEODORICO ERUM, JR., Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIFTH CIRCUIT
(CASE NO. RC-11-1-0077)

ORDER GRANTING DEFENDANT-APPELLANT THEODORICO ERUM, JR.'S,
MARCH 5, 2012 MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant-Appellant Theodorico Erum,

Jr.'s (Erum), March 5, 2012 motion to dismiss Appeal No. CAAP-11-

0000782 for lack of jurisdiction, (2) the lack of any memorandum

by Plaintiff-Appellee Kauai Credit Adjusters Limited (KCAL) in opposition to Erum's March 5, 2012 motion to dismiss Appeal No. CAAP-11-0000782 for lack of jurisdiction, and (3) the record, it appears that Hawaii Revised Statutes (HRS) § 641-1(a) (Supp. 2011) does not authorize jurisdiction over this appeal from district court civil number 5RC11-1-0077, the Honorable Edmund Acoba presiding, because the district court has not yet entered a final judgment or final order that adjudicates Count 2 and Count 3 in KCAL's complaint.

HRS § 641-1(a) authorizes appeals from a district court's final judgment or final order that resolves all claims:

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. . . . A final order means an order ending the proceeding, leaving nothing further to be accomplished. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted) (emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994) is

> not applicable to district court cases. Consequently, an order that fully disposes of an action in the district court may be final and appealable without the entry of judgment on a separate document, as long as the appealed order ends the litigation by fully deciding the rights and liabilities of all parties and leaves nothing further to be adjudicated.

Casumpang v. ILWU, Local 142, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added).

The September 6, 2011 judgment adjudicated only Count 1 of KCAL's complaint. KCAL purported to unilaterally and voluntarily dismiss Count 2 and Count 3 of its complaint pursuant to KCAL's October 6, 2011 notice of voluntary dismissal of Count 2 and Count 3 of KCAL's complaint pursuant to Rule 41(a)(1)(i) of the District Court Rules of Civil Procedure (DCRCP). However, DCRCP Rule 41(a)(1)(i) provided a very limited time period during which KCAL could unilaterally and voluntarily dismiss its own claims without an order of the district court:

> Rule 41. Dismissal of actions.
>
> (a) Voluntary dismissal: Effect thereof.
>
> (1) BY PLAINTIFF; BY STIPULATION. An action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time <u>before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment</u>[.]

DCRCP Rule 41(a)(1)(i) (emphasis added). Despite the reference in DCRCP Rule 41(a)(1)(i) to "service by the adverse party of an answer[,]" DCRCP Rule 12(a) does not absolutely require a defendant to "serve" a written "answer" on the plaintiff, but, instead, DCRCP Rule 12(a) allows the defendant the alternative of physically appearing in court on the return date and <u>orally</u> answering the plaintiff's complaint. <u>See</u> DCRCP Rule 12(a) ("All defendants shall appear or answer at the time appointed in the summons, on the second Monday following the date or service, except where the district judge sets some other secular day; and should such Monday be a legal holiday then upon the next secular day."). The district court minutes indicate that on February 28, 2011, Erum physically appeared at the return hearing for KCAL's complaint, and Erum <u>orally</u> answered KCAL's complaint by denying

-3-

liability. It appears that the time period under DCRCP Rule 41(a)(1)(i) for KCAL to unilaterally and voluntarily dismiss Count 2 and Count 3 expired when Erum appeared at the February 28, 2011 return hearing and orally answered KCAL's complaint, and, thus, KCAL's October 6, 2011 DCRCP Rule 41(a)(1)(i) notice of voluntary dismissal of Count 2 and Count 3 was and is invalid. Consequently, the district court has not yet entered the appealable final judgment or final order in this case that will end the litigation by fully deciding the remaining rights and liabilities of all parties and leave nothing further to be adjudicated. Absent an appealable final judgment or final order, Erum's appeal is premature and we lack appellate jurisdiction.

Under Hawai'i case law, when an appellate court determines that it lacks jurisdiction, the only appropriate remedy is dismissal of the appellate case:

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. _Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action._ Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, _sua sponte_, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994), Therefore,

IT IS HEREBY ORDERED that Erum's March 5, 2012 motion to dismiss Appeal No. CAAP-11-0000782 for lack of jurisdiction is granted, and Appeal No. CAAP-11-0000782 is dismissed for lack of appellate jurisdiction without prejudice to Erum's initiating a new appellate court case by asserting a timely appeal from the district court's future judgment or order that is appealable.

DATED: Honolulu, Hawaiʻi, March 30, 2012.

Presiding Judge

Associate Judge

Associate Judge